## SAN JUAN FRUIT COMPANY, Plff.,

*v.*

## RAMON LANDRON Y CRUZ ET AL., Dfts.

---

San Juan, Law, No. 1049.

ON DEMURRER TO COMPLAINT.

Warranty of Title—Eviction By and Without Suit.

> A vendor is answerable to his vendee whenever the latter is evicted, whether this be done by suit or otherwise; but if the eviction is by suit the vendor is not liable unless the vendee gives him notice of the pendency of the suit so that he may come in and defend.

Opinion filed May 1, 1916.

---

*Mr. E. B. Wilcox* for plaintiff.

*Mr. J. R. F. Savage* for defendant.

San Juan Fruit Co. v. Landron y Cruz.

HAMILTON, Judge, delivered the following opinion:

This comes up upon a demurrer to the second amended complaint filed April 26th; and so far as it is different at all from the preceding demurrer, it seeks to raise the point that there can be no suit on a warranty of title to land until there has been a final judgment rendered, and is based more particularly upon the Civil Code, § 1383, taken in connection with the definition of eviction in § 1378. It would seem that the exact point was raised in the preceding demurrer when it was passed upon February 19th, and unless there is something new very clearly brought to the attention of the court, it would not be wise to go back of what has already been decided. In other words, a demurrer is simply calling on the court for judgment as to whether a party shall plead further, and it mentions certain reasons why he should not go further. The court does not necessarily pass upon the reasons, but does upon the demand for judgment whether the party shall proceed further. The opinion, it seems, does not discuss this warranty feature set up in the demurrer, but it is discussed in the pleadings, and for that reason it is raised now. The point, however, has been decided by the judgment of the court on February 19th, which says that the demurrer is overruled. Of course that overrules the whole demurrer.

1. Now as to the merits of the contention, if still open, it seems to the court at present that this would be the situation.

Section 1364, under the head of "Obligations of the Vendor," gives as a general provision: "Vendor is bound to deliver and warrant the thing which is the object of the sale." And § 1377 says: "By virtue of the warranty referred to in § 1364 the

San Juan Fruit Co. v. Landron y Cruz.

vendor shall warrant to the vendee: (1) The legal and peaceful possession of the thing sold; (2) that there are no hidden faults or defects therein." That seems to give as the absolute duty of the vendor under his warranty, the legal and peaceful possession of the thing sold. It does not say this must be done only if a suit is brought, but it covers all cases. He shall warrant to the vendor the legal and peaceful possession of the thing sold. The statute goes on to define when eviction takes place, or, at all events, says that eviction does take place when by a final judgment, and by virtue of a right prior to the sale, the vendee is deprived of the whole or of a part of the thing purchased. The vendor shall be liable for the eviction even though no stipulation has been included in the contract on the subject. And in the section more especially relied upon, § 1383, a warranty cannot be demanded until a final judgment may have been rendered by which the vendee should be adjudged to lose the thing acquired, or a part thereof. That is clear from the wording of it, but taking this whole 1°, the whole of that series of sections, it is speaking of suits all the way through. Almost every other section speaks of a suit. For instance, the very next one to § 1383 says: "The vendor shall be obligated to the proper warranty whenever it is proved that he was given notice of the suit for eviction at the instance of the vendee. In the absence of this notice, the vendor shall not be bound to the warranty." That refers to a suit, and to nothing else, and the same is true of other sections. Another section is that notification shall be made in the manner established in said law for the summoning of defendants, and so on.

The construction that I must put upon this is that it is an elaboration of the situation that occurs when the vendee is

San Juan Fruit Co. v. Landron y Cruz.

evicted by suit. In such cases the vendor is not liable unless he is made a party to the suit, unless he is given notice of the suit, and that that is the sole object of this discussion from § 1378 to § 1386,—but that it does not cover one way or the other what happens if the vendee is evicted without any suit, without any chance to defend himself at law. That is not provided for one way or the other, and probably the reason would be that, as it would occur in such a variety of cases, there would be no way of laying down a rule. You can lay down a rule in a law case, but not for all circumstances that may come up between man and man.

That being so, my conclusion is that the warranty under § 1377 covers the legal and peaceful possession of the thing sold under all circumstances, and that these sections which are now relied upon simply establish the procedure which applies when this legal and peaceful possession of the thing sold is disturbed by suit, and nothing more, but that nevertheless the duty still exists under the warranty to make good the legal and peaceful possession of the thing sold whenever eviction happens, even under other circumstances.